STATE, EXECUTORS OF LEONARD L. F. APPLEBY, DECEASED, PROSECUTORS, v. INHABITANTS OF THE TOWNSHIP OF EAST BRUNSWICK, IN THE COUNTY OF MIDDLESEX, AND SEAMAN T. CHRISTIAN, SPECIAL CONSTABLE.

1. Where deduction from tax is claimed by the owner of mortgaged premises, on account of mortgage debt, it is not necessary that such claim be in writing under oath.
2. If deduction be claimed by land-owner and allowed by the assessor, the tax upon whole amount of mortgage debt should be assessed against the holder of mortgage.

On *certiorari*. In matter of tax.

Argued at November Term, 1881, before Justices DEPUE, VAN SYCKEL and PARKER.

For the prosecutor, *John Linn.*

For the defendant, *A. V. Schenck.*

The opinion of the court was delivered by

PARKER, J. There are here two writs of *certiorari*, which present the same question. One is brought to set aside the

assessment of the year 1879, and the other, to set aside the assessment of 1880.

The assessment in each of those years was against the prosecutors, on $19,000, the amount of two mortgages held by them upon real estate of Leonard L. F. Appleby, situated in the township of East Brunswick, in the county of Middlesex.

The assessor in each of those years, called upon Leonard L. F. Appleby to assess him for his taxable property. He claimed a deduction of $19,000, on account of the mortgages held by prosecutors. The assessor allowed the deduction, and assessed the mortgages upon the face value against the prosecutors.

It is admitted that the mortgages and bonds intended to be secured thereby, amounted to the sum of $19,000, and that the real estate described in the mortgages was not worth that sum.

The first objection to the legality of the assessment is, that the claim for deduction was not made under oath in writing. This precise question has been decided by this court in *State, Vail's Ex'rs, pros.,* v. *Runyon,* 12 *Vroom* 98.

The act under which these assessments were made, (*Rev., p.* 1163,) does not require the claim for deduction to be made in writing, nor under oath. A claim for deduction made by the owner of the land and allowance therefor by the assessor, are the conditions prescribed by the act. "The assessor may require an affidavit to satisfy himself of the existence and amount of the mortgage, and of the person by whom it is held ; but if the deduction be claimed and is allowed, and the sum allowed is in fact the correct amount of the mortgage, and the owner of the mortgage is taxed only therefor, he cannot complain." *State* v. *Runyon, supra.*

The prosecutors further contend that, if the assessment be not wholly illegal, it is on a larger sum and for a larger amount than the law will justify, because the mortgaged premises are of less value than the sum mentioned in the mortgages.

In the case before cited, the court say that the liability of

the owners of mortgages to taxation did not originate in the act of 1876. Taxation on money secured by mortgage was imposed by the act of April 11th, 1866, under which the tax was assessed against the owner of the mortgage at the place of his residence. By the act of 1876, the place of taxation is made the township or city in which the mortgaged premises are situated. If the mortgaged premises are located in a municipality in which the owner of the mortgage does not reside, and deduction is there claimed by the mortgagor and allowed, the tax will be assessed by the assessor of that municipality against the mortgage-owner on the whole amount of the mortgage debt. In such case the place of assessment and payment of tax is changed, but the sum on which assessment is made remains the same.

By examining the act of 1876, it will be seen that the subject matter of taxation is the *mortgage debt.* The language is, " that, hereafter, no mortgage or *debt secured thereby* shall be assessed for taxation, unless a deduction therefor shall have been claimed by the owner of the land and allowed by the assessor, and that such mortgages or *debts secured thereby* as shall be subject to taxation shall be assessed for taxation by the assessor making the deduction on account thereof, and the tax thereon shall be collected by the collector of taxes in and for the township or city wherein the lands in the mortgages described are situate."

In this case the mortgage debt was $19,000, and the prosecutors were properly assessed on that sum. They were not injured thereby, for they had the right to deduct from, or, rather, not to include in their taxable property, at the place of their residence, the same amount.

The assessment in each case is affirmed, with costs.